# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JORDAN A. BROWN

v.      Civil No. JFM-11-240

RAMONA BROCKETT

## MEMORANDUM

Defendant has filed a motion for judgment notwithstanding the verdict, for remittitur, or a new trial. To the extent that defendant is seeking a motion for judgment notwithstanding the verdict, the motion is denied. However, defendant is granted a new trial, unless plaintiff accepts a remittitur to $20,000 in compensatory damages and $20,000 in punitive damages.

This is a defamation case. A jury could reasonably have concluded based upon the evidence that defendant defamed plaintiff, that plaintiff suffered some damage as a result, and that defendant acted recklessly in making the defamatory statements she did. However, I am convinced that the jury's verdict granting $50,000 in compensatory damages to plaintiff and awarding $150,000 in punitive damages against defendant was strongly against the weight of the evidence. I have great concern that although defendant (who represented herself *pro se*) acted irresponsibly, the jury returned a verdict against her because it found that her personality was annoying.[1]

Plaintiff was a pre-law student at the University of Maryland Eastern Shore who became the president of Phi Alpha Delta, a student organization for people interested in attending law

---

[1] The jury may also have been concerned that defendant established an inappropriate relationship with plaintiff. Although it may well be that defendant, as plaintiff's teacher and mentor, crossed the line of propriety in her relationship with plaintiff, there was no evidence that the relationship was physically intimate.

1

school. Phi Alpha Delta contacted defendant, who was the faculty advisor to Phi Alpha Delta, about an apparent irregularity that gave the appearance that plaintiff had converted an initiation fee to his own use. When the question arose, defendant reasonably looked into the matter. However, she then wrote an email that the jury could properly find was defamatory of plaintiff. Neither side called Phi Alpha Delta representatives at trial or read into evidence the deposition testimony of Phi Alpha Delta representatives who were beyond the reach of a subpoena.

The essential problem with plaintiff's case was that the evidence demonstrated that he suffered virtually no damage. He testified that the email circulated by defendant caused him fear that he would not be admitted to law school. However, he was admitted to law school approximately thirty days after the incident. Likewise, it was entirely understandable that plaintiff wanted to "clear his name" by pursuing this law suit, particularly in light of the fact that if he graduated from law school and passed a bar exam, he would have to disclose the incident to the character committee of any bar in which he sought admittance. However, the evidence was clear that he could not have suffered any reasonable fear that he would not be admitted to the bar. The reason for this was quite simple: UMES conducted its own investigation of the matter and, long before this case went to trial, determined (in a written report) that plaintiff was not guilty of any wrongdoing. Therefore, although it may well be that plaintiff would have been under an obligation to disclose the incident to bar authorities, he could also have reported simultaneously that the matter had been investigated and that his name had been cleared. In that connection it is also relevant that defendant's employment with UMES was terminated as a result of the incident.

If I had been the fact finder, I would have granted damages to plaintiff well below $20,000 in compensatory damages and $20,000 in punitive damages. However, out of respect

for the jury's verdict, I am setting the remittitur amount at the maximum levels I believe a reasonable jury could have awarded to plaintiff.

      A separate order effecting the ruling made in this memorandum is being entered herewith.


Date:   September 12, 2013        _/s/_____
                                              J. Frederick Motz
                                              United States District Judge